**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
**AUGUSTO TORRES and JOSE GARCIA,**

                              **Plaintiffs,**

        -against-

**2305 SECOND CORP., 422 EAST 118th STREET, LLC, EAST 119TH STREET REALTY HOLDINGS, LLC, 2123 JACQUELINE REALTY, LLC, AQEL MANAGEMENT INC., SAID AQEL, and JENNIFER AQEL,**

                              **Defendants.**
-------------------------------------------------------------------------------X

**CIVIL ACTION NO.**
**1:18-cv-07690**
**(PGG) (SLC)**

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

On December 11, 2019, this Court (Cave, M.J.) granted permission to the defendants, 2305 Second Corp., 422 East 118th Street, LLC, East 119th Street Realty Holdings, LLC, 2123 Jacqueline Realty, LLC, Aqel Management Inc., Said Aqel, and Jennifer Aqel ("Defendants"), to move to dismiss this action on the grounds that "neither the Court nor the Defendants have been able to contact plaintiff Jose Garcia, and [that] he failed to respond to the Order to Show Cause." (Order Ex. 16).

As set forth below, Mr. Garcia has not taken any action to move forward with this case since as far back as February 2019. (*See* Nicole Grunfeld Aff., Ex. 6). Also as set forth in the Declaration of Noel Y. Lee ("Decl."), the Defendants have made several attempts to communicate with him but he has failed to respond. (*See e.g.*, Ex. 12). Mr. Garcia has also failed to provide the Defendants or the Court with his current contact information.

The Defendants respectfully request that the Court dismiss this action for failure to prosecute.

## FACTS

On August 23, 2018, Plaintiffs Augusto Torres and Jose Garcia ("Plaintiffs") commenced their Fair Labor Standards Act and New York Labor Law action against the Defendants. (Compl. Ex. 1). On January 18, 2019, the Plaintiffs filed an amended complaint. (Am. Compl. Ex. 2). On January 24, 2019, the Defendants filed their answer. (Answer Ex. 3).

On February 21, 2019, Mr. Garcia directly approached the Defendants' son, Mr. Alexander Aqel. (Aqel Aff. Ex. 4, at 1-2). He revealed that he had been "pushed into this lawsuit without knowing that a claim would be made." (Ex. 4, at 2). He further stated that "none of the allegations in this case [were] true for both himself and [Mr. Torres]." (Ex. 4, at 2). On February 27, 2019, the Court (Pitman, M.J.) ordered both parties to file with the Court by March 8, 2019, affidavits of their version of the February 21 events. (Order Ex. 5). While the Defendants submitted Mr. Aqel's affidavit (Ex. 4), Mr. Garcia did not submit his.

Moreover, on February 22, 2019, Plaintiffs' counsel had filed a notice of motion to withdraw from representing both Plaintiffs " [because of their] unresponsiveness and inability to cooperate." (Grunfeld Aff. Ex. 6, at 1). Counsel represented that they had been "unable to reach [Mr. Garcia] for several weeks" after "repeatedly [attempting] to notify him" of its intent to withdraw. (Grunfeld Aff. Ex. 6, at 2). On March 27, 2019, the Court (Pitman, M.J.) granted counsel's motion to withdraw from representing Mr. Garcia "[i]n light of the apparent and total breakdown in communications." (Order Ex. 7). Plaintiffs' counsel further moved to withdraw from representing Mr. Torres due to the same issues. (Mot. to withdraw Ex. 8). On August 20, 2019, the

Court (Pitman, M.J.) also granted the motion to withdraw from representing Mr. Torres. (Endorsed Order Ex. 9).

Subsequently, Defendants' counsel made several efforts to communicate with Mr. Garcia. On October 2, 2019, Mr. Torres signed a Stipulation of Dismissal with Prejudice for all of his claims against the Defendants. (*See* Ex. 10).

However, the Defendants were not able to receive any update from Mr. Garcia regarding his contact information or his intentions. On September 23, 2019, Defendants' counsel sent letters to the addresses that the Plaintiffs' former counsel had provided upon withdrawing their representation. (Decl., ¶ 3). The only permanent address available was an address that Mr. Garcia had supposedly long vacated. (Grunfeld Letter Ex. 11). On October 7, 2019, Mr. Garcia called Defendants' counsel from a different number. (Decl., ¶ 4). Upon learning that Mr. Torres signed a stipulation of dismissal, Mr. Garcia stated that he wished to discuss the lawsuit with him first and then call Defendant's counsel on October 9, 2019. (Decl., ¶ 5). Mr. Garcia did not provide his current contact information when asked. (Decl., ¶ 5). Instead, he said that he would provide that information when he next called. (Decl., ¶ 5). However, on October 9, 2019, or anytime thereafter, Mr. Garcia did not call Defendants' counsel. (Decl., ¶ 6). Moreover, he did not respond to any of the communication attempts made by Defendants' counsel. (Decl., ¶ 7). Since then, Defendant's counsel has not heard from him. (Decl., ¶ 7). On October 17, 2019, Defendants' counsel sent another letter to Mr. Garcia asking for clarification of his intentions to continue or to dismiss his claims. (Ex. 12, at 3-4).

On October 28, 2019, Defendants requested the Court for a status conference so that both parties could appear and arrive at a structure to proceed with the case. (Ex. 12, at 2). The Court ordered both parties to appear on November 7, 2019. (Scheduling Order Ex. 13). On October 29,

2019, the Court mailed a copy of the scheduling order to Mr. Garcia's permanent address. (Docket 61). Counsel for Defendants appeared on November 7, but Mr. Garcia failed to appear. (Order Ex. 14). The Court then ordered Mr. Garcia to "submit a letter explaining his failure to appear" by November 21, 2019. (Order Ex. 14). However, Mr. Garcia did not submit this required letter explanation.

On November 22, 2019, the Court ordered Mr. Garcia to show cause by December 6, 2019, as to "why this case should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." (Order to Show Cause Ex. 15). The Court warned that a "failure to comply with this Order may in itself result in dismissal of this action." (Ex. 15). On December 11, 2019, because Mr. Garcia failed to respond to the Order to Show Cause, the Court gave the Defendants permission to move for dismissal. (Order Ex. 16).

## **ARGUMENT**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a case if "the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. PRO. 41(b); *Coats v. Department of Veteran Affairs*, 268 F. App'x. 125, 126 (2d Cir. 2008). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citing *Messenger v. U.S.*, 231 F.2d 328, 331 (2d Cir.1956)). "[E]ven *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99 Civ. 4976 (WCC), 2008 WL 199469 at *3 (S.D.N.Y. Jan. 22, 2008).

During the November 7 status conference, Magistrate Judge Cave cited *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), and reviewed the five factors that must be considered on a motion to dismiss for failure to prosecute. These five factors are:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. *LeSane*, 239 F.3d at 209 (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)).

"In making use of this test, '[n]o one factor is dispositive, and ultimately [the Court] must review the dismissal in light of the record as a whole.'" *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). Here, all five factors weigh in favor of the Court's dismissal of this action. Also, the Court of Appeals for this Circuit has applied this five-factor test to instances "such as the failure to comply with a scheduling order or timely to respond to pending motions." *Lewis*, 564. F.3d at 576.

1. **The Duration of Mr. Garcia's Failures and Inactions Was Significant**

Mr. Garcia's inaction for nearly ten months weigh in favour of the Court's dismissal of his action. According to the Second Circuit, "[t]he first factor [of duration] . . . breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255.

Clearly, Mr. Garcia is responsible for the failure to prosecute his case. As for the second subpart, the Second Circuit has recognized that "delays in prosecuting [for] only six or seven months [could constitute] significant [duration.]" *Coats*, 268 F. App'x at 127. The Southern District has also held that stalling a case for "at least five months" sufficiently satisfied the significant duration element "so as to tip in favor of dismissal as a matter of law." *Osborn v. Montgomery*, No. 15 CV 9730(NSR)(LMS), 2018 WL 2059944 at *3, (S.D.N.Y. Apr. 6, 2018) (Smith, M.J.), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018) (Roman, J.).

5

Mr. Garcia filed this action more than one year ago. He has failed to respond or make any progress since at least February 2019—when his counsel moved to withdraw from representation. Thus, Mr. Garcia has failed to prosecute his case for at least ten months. His long period of unresponsiveness is sufficiently significant to tip in favor of the Court's dismissal.

### 2. Mr. Garcia Received Sufficient Notice

"A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal." *Europacific Asset Management Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005). Other judges in this district have found that a dismissal for failure to prosecute was appropriate where the court gave notice and a plaintiff failed to comply. *See e.g. Brown v. Pulgarin*, No. 17-CV-1677 (VSB)(KHP), 2018 WL 5722848 at *2 (S.D.N.Y. Jun. 25, 2018) (Parker, M.J.), *adopted by* 2018 WL 5723120 (S.D.N.Y. Nov. 1, 2018) (Broderick, J.) ("[d]ismissal of [the p]laintiff's case [was] appropriate" when the court warned of the risk of dismissal in orders requiring: (1) the appearance at a status conference and (2) the filing of a letter of his intentions to pursue the case); *Jacobs*, 2008 WL 199469 at *5 (Conner, J.) ("plaintiff was given several notices that failure would result in dismissal and he was given instructions on how to avoid further failure, i.e. obtaining new counsel and participating in the teleconference.").

In this case, Mr. Garcia received several notices from the Court that his noncompliance could result in a dismissal. In the Order to submit a letter of explanation, the Court warned that "[f]ailure to comply . . . **will result in dismissal** of the case." (Order Ex. 14). The Court's Order to Show Cause warned Mr. Garcia that "failure to comply . . . may in itself result in dismissal of this action." (Order Ex. 15). Therefore, this factor weighs in favor of the Defendants.

### 3. Defendants Are Likely to Be Prejudiced by Further Delay

The Court must also examine whether the Defendants will "likely. . . be prejudiced by further delay." *Drake*, 375 F.3d at 256. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013). A plaintiff's "totally unexplained disappearance" for even as short as two months "presumptively prejudices" a defendant when it has been "inaccessible . . . without notifying the [c]ourt, the [defendant,] or the Pro Se Office of a change of address." *Dong. v. U.S.*, No. 02 Civ. 7751(SAS), 2004 WL 385117 at *3 (S.D.N.Y. Mar. 2, 2004). *See also Osborn*, 2018 WL 2059944 at *3 ("prejudice to [d]efendants may be presumed, since Plaintiff, despite ample warnings, went radio silent to both the Court and opposing counsel for the past five-plus months."). Moreover, this third factor "favors dismissal" when defendants are "forced to bear the expense of defending a lawsuit that [a plaintiff] has shown no interest in pursuing." *Antonio v. Beckford*, No. 05-CV-2225 (KMK), 2006 WL 2819598 at *4 (S.D.N.Y. Sept. 29, 2006).

Here, Mr. Garcia has been inaccessible for at least ten months. He has failed to provide the Court or the Defendants any reasonable method through which they can communicate with him. On top of this, his disappearance has gone totally unexplained—in spite of the Court's order to explain his failure to appear. In light of this significant duration, it would be unreasonable for the Defendants to continue bearing the expenses of continuing this action.

### 4. Court Should Dismiss This Case to Avoid Court Congestion

"The fourth factor requires balancing [a p]laintiff's due process interests with the [c]ourt's congested docket." *Antonio*, 2006 WL 2819598 at *4. However, a plaintiff's "continued delay cannot vindicate [his] interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity." *Dones v. Smalls*, No. 17-CV-6038 (JPO),

7

2018 WL 4211314 at *1 (S.D.N.Y. Sept. 4, 2018). When a plaintiff repeatedly fails to comply with a court's orders, his right to have his claim heard diminishes. *Antonio*, 2006 WL 2819598 at *4. Even if a plaintiff's delay may not incur "such an extreme congestive effect on the . . . docket so as to overcome a litigant's interest in receiving his or her day in court," it can still "[speak] to the notion that the Court has some interest in moving this case off of its docket." *Osborn*, 2018 WL 2059944 at *3. Therefore, because Mr. Garcia has failed both to comply with the Court's orders and to indicate his intentions to pursue his claims, this factor also weighs in favor of dismissal.

### 5. There Is No Lesser Sanction Than a Dismissal

"As for the fifth factor, the Court must consider lesser sanctions, but need not impose them if they would be inappropriate or ineffective." *Jacobs*, 2008 WL 199469 at *6 (citing *Antonio*, 2006 WL 2819598 at *4). There is "no lesser sanction but dismissal that could have any effect on bringing closure to [a] dispute" when the court "has no knowledge of [a plaintiff's] current address." *Osborn*, 2018 WL 2059944 at *4. "[E]ven if the [c]ourt were to consider a lesser sanction, perhaps a fine, there would be no measure [in such a situation] to ensure that [a plaintiff] would receive notice of such." *Id. See also Dong*, 2004 WL 385117 at *3 (holding that "no [other] remedy. . . makes senses" when there is "no way to reach" a plaintiff and send him a "warning or order . . . to appear for a hearing.").

The only known addresses are ones the Plaintiffs' former counsel provided. (*See* Ex. 11). There is still no knowledge of Mr. Garcia's current whereabouts. When requested, he refused to provide his current address. (Decl. ¶ 5) Despite the Court's mailing of its orders (*See* Dockets 61, 63, 65 & 66), Mr. Garcia has repeatedly failed to comply within the mandated time frames. Therefore, any lesser sanction than a dismissal would clearly be ineffective when there is no way to reach Mr. Garcia. A dismissal of this case is plainly appropriate in this situation.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the motion of defendants 2305 Second Corp., 422 East 118th Street, LLC, East 119th Street Realty Holdings, LLC, 2123 Jacqueline Realty, LLC, Aqel Management Inc., Said Aqel, and Jennifer Aqel, to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York
       December 20, 2019

Respectfully submitted,

 */s/ Charles E. Dorkey III*
Charles E. Dorkey III
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 905-8330
charles.dorkey@dentons.com

*Attorneys for Defendants*