UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUGUSTO TORRES and JOSE GARCIA,

                Plaintiffs,

      - against -

2305 SECOND CORP. et al.,

                Defendants.

**ORDER**

18 Civ. 7690 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        The Complaint was filed on August 23, 2018, and alleges that Defendants violated the Fair Labor Standards Act and the New York Labor Law. (Dkt. No. 1)

        On February 22, 2019, Plaintiffs' counsel moved to withdraw, citing "Plaintiffs' unresponsiveness and inability to cooperate." (Dkt. No. 37) On February 27, 2019, Magistrate Judge Pitman issued an order directing Plaintiffs' counsel to submit in camera a letter detailing the basis for their motion to withdraw. (Dkt. No. 39) On March 27, 2019, Judge Pitman granted Plaintiff's counsel's motion to withdraw as to Plaintiff Garcia, but denied the motion as moot as to Plaintiff Torres, because counsel no longer sought to withdraw as to him. (Dkt. No. 46)

        On April 8, 2019, Judge Pitman held an initial pretrial conference. Garcia did not appear at that conference. (Apr. 8, 2019 Tr. (Dkt. No. 48) at 3:12)

        On August 16, 2019, Plaintiff's counsel filed another motion to withdraw as to Torres, again citing a "pattern of unresponsiveness and inability to cooperate." (Dkt. No. 52) On August 20, 2019, Judge Pitman granted the motion to withdraw. (Dkt. No. 54)

        On September 4, 2019, Defendants requested that the case be dismissed or stayed, given Plaintiffs' counsel's withdrawal and Plaintiffs' failure to prosecute. (Dkt. No. 56) On

September 16, 2019, Judge Pitman denied the motion without prejudice to renewal in 45 days if Plaintiffs did not respond. (Dkt. No. 57) On October 2, 2019, Torres – now proceeding pro se – and Defendants filed a stipulation of dismissal with respect to Torres's claims. This Court so-ordered the stipulation of dismissal on December 23, 2019. (Dkt. Nos. 58, 72)

On October 2, 2019, this case was re-assigned to Magistrate Judge Cave, who held a status conference on November 7, 2019, at which Garcia – now proceeding pro se – failed to appear. (Dkt. No. 62). That same day, Judge Cave directed Garcia to explain his failure to appear by November 21, 2019. (Id.) Garcia did not respond to Judge Cave's order. Accordingly, on November 22, 2019, Judge Cave issued an order directing Garcia to show cause, by December 6, 2019, why his claims should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Dkt. No. 65) Garcia did not respond to the order to show cause. Accordingly, on December 11, 2019, Judge Cave issued an order directing Defendants to move to dismiss the action. (Dkt. No. 67) Defendants moved to dismiss for failure to prosecute on December 20, 2019. (Dkt. No. 68)

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors":

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

2

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

      Here, these factors weigh in favor of dismissal. "The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Plaintiff Garcia has repeatedly failed to comply with court orders and to attend court conferences. He was also uncooperative with counsel, resulting in their withdrawal. (Dkt. Nos. 37, 46, 52, 54) His conduct has resulted in significant delay in this case. See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citing Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases)); Bridgeforth v. Thayer, No. 12 Civ. 519 (GTS) (RFT), 2012 WL 2909693, at *1-2 (N.D.N.Y. July 16, 2012) (dismissing complaint for failure to comply with court order and for failure to prosecute where plaintiff failed to notify court of new address within two months of his release from custody).

      Under the second factor, "[t]he question . . . is whether [Garcia] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Judge Cave's November 7, 2019, November 22, 2019, and December 11, 2019 orders warned Garcia that his case would likely be dismissed if he did not respond to Defendants' discovery requests or provide a date for his deposition. (Dkt. Nos. 62, 65, 67) Moreover, on November 25, 2019, Judge Cave instructed the Clerk of Court to mail the

November 22, 2019 and December 11, 2019 orders to an additional address for Garcia, given that mail sent to the address he had provided to the court had been returned as undeliverable. (Dkt. No. 66)

The next factor – whether Defendants are "likely to be prejudiced by further delay" – also weighs in favor of dismissal. "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law." (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982))). Moreover, "[b]ecause dismissal here is without prejudice, the plaintiff will not be prejudiced by dismissal, and his right to a fair chance to be heard will be protected." Laney, 2011 WL 6594491, at *1.

Finally, the Court finds that lesser sanctions would be ineffective. Plaintiff Garcia has not responded in any way to the Court's November 7, 2019, November 22, 2019, and December 11, 2019 orders. "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24,

2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, Plaintiff Garcia's claims are dismissed without prejudice. The Clerk of the Court is directed to close this case and mail a copy of this Order by certified mail to pro se Plaintiff Jose Garcia at the following two addresses: c/o Center for Urban Community Services, 198 E. 121 St., 5th Fl., New York, NY 10035 and 307 E. 119 St., New York, NY 10035.

Dated: New York, New York
       March 9, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge